UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS


JERRY MABRY,
     Plaintiff,

     vs.                                  08-1162

CRAIG CARPENTER,
     Defendant.

<u>SUMMARY JUDGMENT ORDER</u>

     This cause is before the court for consideration of Defendant Carpenter's motion for summary judgment.[d/e 29]

## I. BACKGROUND

     The Plaintiff's amended complaint alleged that Knox County Jail Lieutenant Craig Carpenter violated his constitutional rights when:

     1) he retaliated against the Plaintiff for a previous lawsuit; and,
     2) he placed the Plaintiff on lockdown on February 28, 2008 for punitive reasons.

The Plaintiff said he received no disciplinary ticket and was never given a reason for his placement. *See* March 18, 2009 Case Management Order. The court noted that the Plaintiff would need to state whether he was a pretrial detainee at the time of the incidents to clarify his alleged constitutional violations.

     The Defendant has now filed a motion for summary judgment and the Plaintiff has filed a response.

## II. FACTS

     The Plaintiff did not specifically respond to the Defendant's statement of undisputed facts. Therefore, the following facts are taken from the exhibits presented by the parties:

     The Plaintiff was a pretrial detainee at the Knox County Jail from January 9, 2008 to July 1, 2009. The Plaintiff says in January of 2008, he sent a request form to Defendant Carpenter asking to become a jail trustee. (Def. Mot., Plain. Depo, p. 13). The Plaintiff says the Defendant told him he would consider the request.

     Lieutenant Stew Inman approved the Plaintiff for a trustee position in January of 2008, but the Plaintiff says he was only a trustee for three days. (Def. Mot., Plain. Depo, p. 15). The Plaintiff

1

says when he asked why he could not be a trustee, he was told by several correctional officers that he was considered too big of a liability because he had previously sued Knox County. (Def. Mot., Plain. Depo, p. 16). The Plaintiff admits when he talked to Defendant Carpenter about it, and the Defendant told him the decisions was out of his hands because the Sheriff did not want the Plaintiff to work as a trustee. (Def. Mot., Plain. Depo, p. 17)

In February of 2008, inmates in the Plaintiff's cell block began causing problems by flooding cells and throwing urine, feces, trays and flaming paper out of their cells into the day room. The Plaintiff says as a result, all of the inmates were placed on lock down in their cells for two days. (Def. Mot., Plain. Depo, p. 23-24, 27). The Plaintiff says after three days, Jail Officers removed three inmates who were involved in the incident to another part of the jail. All inmates were allowed out of their cells except for the Plaintiff. The Plaintiff says he remained on lock down for three more days and was not allowed out of his cell for any reason. The Plaintiff says he was not allowed to take showers or use the telephone. (Def. Mot., Plain. Depo, p. 25). The Plaintiff says when he complained to the Defendant, he told the Plaintiff that he knew the Plaintiff did not have a part in creating the mess and they would "get to the bottom of it." (Def. Mot., Plain. Depo, p. 26).

### III. LEGAL STANDARD

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Any discrepancies in the factual record should be evaluated in the nonmovant's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (*citing Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)). The party moving for summary judgment must show the lack of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In order to be a "genuine" issue, there must be more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Ind. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248.

"Summary judgment is the 'put up or shut up' moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events." *Johnson v. Cambridge Indus., Inc.*, 325 F.3d 892, 901 (7th Cir. 2000). "If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it." Fed. R. Civ. P. 56(e).

### IV. ANALYSIS

#### A. RETALIATION

The Defendant first argues that he has no personal involvement in the Plaintiff's retaliation claim and therefore is entitled to summary judgment. A defendant cannot be held liable under 42

USC §1983 unless a Plaintiff can demonstrate that the defendant caused or participated in the alleged constitutional violation. *McBride v. Soos*, 679 F.2d 1223, 1227 (7th Cir. 1982). A causal connection, or affirmative link, between the misconduct complained of and the official sued is necessary. *Rizzo v Goode*, 423 U.S. 362, 271 (1976). In addition, the mere fact that a defendant was a supervisor is insufficient to establish liability because the doctrine of *respondeat superior* (supervisor liability) does not apply to actions filed under 42 USC §1983. *Pacelli v. DeVito*, 972 F.2d 871, 877 (7th Cir. 1992).

In his deposition, the Plaintiff stated that the Sheriff was responsible for making the decision concerning his trustee job, not Defendant Carpenter. The Plaintiff does not address this claim in his first response to the summary judgment motion. Instead, the Plaintiff says the Defendant violated the rules of discovery by failing to provide responses to his requests. The Plaintiff says he asked for copies of his written grievances and jail requests. However, the Plaintiff say he received information from years prior that had nothing to do with the allegations in his complaint. Apparently the Plaintiff had copies of these documents, but was not allowed to take them when he transferred to the Illinois Department of Corrections. The Plaintiff says Defendant's counsel told him that it was not the Defendant's responsibility to provide this information to him. The Plaintiff also says he never received any response to his requests for videotapes of the cell areas. Finally, the Plaintiff says he would like a chance to address the issues in his complaint at trial when he can call witnesses.

The court first notes that the discovery period in this case ended on January 31, 2011. *See* August 12, 2010 Text Order. Although he is an experienced litigator, the Plaintiff at no point filed a motion to compel discovery or any other document with the court claiming he was having difficulties with discovery. *See Woods, et.al. v. Morris,* Case No. 04-1440; *Mabry v Clague,* Case No. 09-1041 in the Central District of Illinois and *Mabry v. Snyder,* Case No. 02-127 in the Southern District of Illinois. The Plaintiff's first mention of a discovery issue was in his initial response to the dispositive motion filed on March 24, 2011. In addition, the Plaintiff has not provided copies of any of his discovery requests or responses to the court. Finally, the Plaintiff has not stated what specific, discoverable information he believes would demonstrate that Defendant Carpenter was responsible for removing him from his trustee job.

In his second response to the summary judgement order, the Plaintiff says that he never stated the Sheriff prevented him from being a trustee, instead that was what the Defendant claimed. (Resp. #2, p. 3). In his deposition, the Plaintiff says he personally talked to the Defendant:

A: I wrote a request, but he eventually said man, its out of my hands.
Q: So (Defendant) Carpenter told you that it's out of his hands. It was the sheriff who didn't want you to be a trustee?
A: Exactly. (Def. Memo, Plain. Depo, p. 16-17)

Q: But, in this instance, it was Sheriff Craig who determined that he didn't believe that you should be a trustee, and he removed you from that position, correct?
A: Because I was a liability to him, yes. (Def. Memo, Plain. Depo, p. 18).

The Plaintiff has presented no evidence that it was Defendant Carpenter's decision to pick him for the trustee position or remove him from the position or that Defendant Carpenter was motivated by retaliation. The Plaintiff has presented no evidence Defendant Carpenter would have the authority to override the decision to terminate the Plaintiff's trustee job. "To survive summary judgment, the Plaintiff must present evidence from which a reasonable fact-finder might conclude that the motive of the Defendants was retaliation for his filing of lawsuits. Opinions, feelings, and suppositions are not by themselves sufficient." *Reimann v Murphy,* 897 F. Supp. 398, 404 (E.D. Wis. 1995). The Plaintiff might be able to show that the Sheriff was retaliating for a previous lawsuit, but there is no evidence that Defendant Carpenter was involved in that decision. The motion for summary judgment on the Plaintiff's first claim is granted.

## B. DUE PROCESS

The Defendant also argues that the Plaintiff's constitutional rights were not violated when he was placed on lockdown. The Supreme Court has held that a pretrial detainee may not be punished for misconduct while in custody without due process. *Bell v. Wolfish*, 441 U.S. 520, 535-37 (1979); *see also Higgs v. Carver*, 286 F.3d 437, 438-39 (7th Cir.2002); *Zarnes v. Rhodes*, 64 F.3d 285, 291 (7th Cir.1995). However, a pretrial detainee can be placed in segregation for a disciplinary infraction, but that detainee must receive "notice and an opportunity to be heard"..."[b]ut no due process is required if he is placed in segregation not as punishment, but for managerial reasons." *See Higgs,* 286 F.3d at 438 *(citations omitted).*

The Defendant first argues that the Plaintiff was initially placed in segregation for a managerial reason since all detainees in the cell house were put on lock down following an episode that included flooding cells and throwing objects from cells to the dayroom. In a similar situation, a court held that no process was required for a six day lockdown based on a security threat. *Campbell v Secretary, Department of Corrections*, 2005 WL 2917465 At 6 (W.D.Wis. Nov. 3, 2005). "[A] A hearing before or after the lockdown would frustrate the jail's efforts to restore order and investigate the threat. Also, a hearing would have served no purpose because the lockdown was an emergency measure, not the result of the application of law to facts."*Id.*

However, in the case before the court, a general security threat would not explain why all other inmates were released after two days, and the Plaintiff remained on lockdown for three additional days. The Defendants argue that Plaintiff has presented no evidence that this additional time was punitive. The Defendants say the Plaintiff admits when he asked Defendant Carpenter why he was still on lockdown, the Defendant responded that he knew the Plaintiff was not involved in the violence and he would get to the bottom of it. (Def. Mot., Plain. Depo, p. 26) Defendant Carpenter further said he would have to get back to the Plaintiff, but for the time being, the Plaintiff would have to stay in his cell.[1] (Def. Mot., Plain. Depo, p.27)

---

[1]The Defendants also cite to what the Plaintiff says other officers told him about his stay in lockdown, but the Defendants have not presented affidavits from any of these individuals so their comments are impermissible hearsay. "[H]earsay is inadmissible in summary judgment proceedings to the same extent that it is inadmissible in a trial..." *Eisenstadt v Centel Corp.,* 113 F.3d 738, 742

While the Plaintiff has not presented any direct evidence that he remained in segregation for punishment, the Defendants have also presented no explanation for why the Plaintiff remained in lockdown.   In fact, the only evidence presented by the Defendant is a copy of the Plaintiff's deposition.

> ...if a particular condition or restriction of pretrial detention is reasonably related
>  to a legitimate governmental objective, it does not, without more, amount to
> punishment.  Conversely, if a restriction or condition is not reasonable related to
> a legitimate goal-if it is arbitrary or purposeless- a court permissibly may infer
> that the purpose of the governmental action is punishment that may not
> constitutionally be inflicted upon detainees..." *Bell,* 441 U.S. at 539.

In this case, the court could infer that the purpose of the Plaintiff's continued state in lockdown was punishment.

The Defendant next argues that even if the Plaintiff was placed in lockdown for punitive reason, summary judgment should still be granted because his stay in lockdown did not "substantial worsen" his conditions of confinement and was too minimal to trigger due process protections. The court first notes that cases which refer to conditions which constitute "an atypical or significant hardship in relation to the ordinary incidents of prison life" refer to convicted prisoners. *Sandlin v. Conner,* 515 U.S. 472, 484 (1994)  Pretrial detainees may not be subjected to punitive conditions of confinement unless afforded due process. *Buck v. Lake County Sheriff,* 2003 WL 22118933 at 1 (N.D. Ill. Sept 11, 2003)

The Defendant has also cited two cases, but neither support his argument. (Def. Memo,p. 9) In *Ehrlich v Mantzke*, 2002 L 265177 at 4 (N.D. Ill. Feb. 25, 2002), the Plaintiff was transferred to another unit with fewer privileges and the court found that the five day deprivation was "too minimal to amount to a constitutional deprivation." However, the court specifically noted that the Plaintiff "was not locked in his cell" and was permitted to join detainees on the less restrictive unit for a cookout. *Id.*   In *Miller v. Dobier,* 634 F.3d 412, 415 (7th Cir. 2011), the court also noted that even though the Plaintiff in the case was placed in segregation, "he was free to leave his cell for most of the day, to receive visitors, and in this and other respects to avoid extremes of close confinement such as are encountered in segregation units."   Therefore, the restrictions were "too limited to amount to a deprivation of constitutional liberty." *Id.*

In the case before the court, the Plaintiff says he was not allowed out of his cell at all.   In addition, since all other detainees were released after two days, its possible the Plaintiff's entire five day stay in lockdown was not related to the same general security threat.  Since the Defendant has provided no evidence beyond the Plaintiff's deposition, the court has no information from jail officials about the reasons for the Plaintiff's placement.  While the Defendant says it's the Plaintiff's burden to show he was placed in segregation from punitive reasons, the Defendant filed the motion for summary judgment and the court must draw all legitimate inferences in favor of the

_____

(7th Cir. 1997).

non-moving party. *Anderson,* 477 U.S. at 255. *See also Hawkins v Poole,* 779 F.2d 1267 (7th Cir. 1985)(" This record is insufficient, considering all its elements, to raise the issue of whether the segregation, as brief and limited as it was, constituted intentional punishment inflicted by the officers in bad faith. This record is devoid of any suggested justification whatsoever for the segregation..... It is not enough merely to say that the court should not interfere in the administration of the jail, and that the segregation was not as severe as it might have been.)

Therefore, the court will require additional briefing on the Plaintiff's due process claim. Based on the current record, the court cannot determine the basis for the Plaintiff's time on lockdown.   In addition, it is not clear what role the Defendant had in the decision to place the Plaintiff on lockdown or keep him on lockdown.    The Defendant should provide additional evidence such as his own affidavit and/or affidavits from other individuals with knowledge of the events in February of 2008.   The affidavit(s) should address: 1) the reason the Plaintiff was initially placed on lockdown; 2) why the Plaintiff remained on lockdown three additional days; and 3) Defendant Carpenter's role in the decision to place the Plaintiff on lockdown and keep him on lockdown.  The Defendant must file this additional briefing within 21 days of this order.  If the Plaintiff wishes to file a response he must file his response within 14 days of the Defendant's additional briefing.

**IT IS THEREFORE ORDERED that**:

 **The Defendant's motion for summary judgment is granted in part and denied in part. [d/e 29].  The court will dismiss the Plaintiff's retaliation claim**, but will require additional briefing on the due process claim.  The Defendant must submit the information outlined in this order within 21 days or on or before June 15, 2011.   The Plaintiff may file a response on or before June 29, 2011.

Entered this 24th day of May, 2011.


**s/Michael M.  Mihm**

_____

MICHAEL M. MIHM
UNITED STATES DISTRICT JUDGE